IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORRI POE, | **COMPLAINT** |
| Plaintiff, | |
| v. | |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC, | Civil Action No. |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

**I.     INTRODUCTION**

1.     This action is brought by Plaintiff Lorri Poe for actual and statutory damages against Defendant Healthcare Revenue Recovery Group, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Illinois Workers' Compensation Act, 820 ILCS 305 et seq. (hereinafter referred to as "IWCA").

**II.     JURISDICTION**

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202 and 735 ILCS 5/2-701. Supplemental jurisdiction for all state law claims is available pursuant to 28 U.S.C. § 1367. Venue is proper in this district as all relevant events took place here.

**III.     PARTIES**

3. Plaintiff Lorri Poe is an individual who resides in Joliet, Illinois.

4. Ms. Poe is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Healthcare Revenue Recovery Group, LLC (hereinafter referred to as "HRRG") is a corporation organized under the laws of the State of Florida with its principal office located at 1801 NW 66th Avenue, Suite 200A, Plantation, Florida. HRRG is licensed by the State of Illinois as a collection agency.

6. HRRG is engaged in the collection of debts from Illinois consumers using the mail and telephone.

7. HRRG regularly attempts to collect consumer debts alleged to be due to another.

8. HRRG was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

**IV.     FACTUAL ALLEGATIONS**

9. On or about May 8, 2007, Ms. Poe sought medical treatment and/or services from Silver Cross Hospital Emergency Room. The Emergency Room Doctor that provided medical treatment and/or services to Ms. Poe is a member or participant of the Fischer Mangold Joliet Emergency Physicians billing service.

10. Due to the medical treatment and/or services provided by the Silver Cross Hospital Emergency Room Doctor, Ms. Poe incurred an alleged debt in the amount of $342.00 to Fischer Mangold Joliet Emergency Physicians (hereinafter referred to as "the Debt").

11. Ms. Poe did not pay the Debt because it was covered by her employer's workers' compensation insurance.

12. The Debt was due on the date of service.

13. HRRG obtained the Debt after it allegedly entered default.

14. HRRG obtained the Debt on or about August 28, 2007.

15. Between August and December 2007, HRRG sent Ms. Poe written correspondence in attempts to collect the Debt.

16. Beginning in December 2007 or January 2008, HRRG began initiating telephone calls to Ms. Poe in attempts to collect the Debt.

17. Representatives of HRRG spoke with Ms. Poe several times in attempts to collect the Debt.

18. During some of these calls with HRRG, Ms. Poe informed HRRG that she had a workers' compensation case regarding the Debt.

19. During some of these calls with HRRG, Ms. Poe provided HRRG with her employer's workers' compensation insurance carrier contact information.

20. During some of these calls with HRRG, Ms. Poe offered to provide HRRG with her employer's workers' compensation insurance carrier contact information, but the HRRG representative refused to take it.

21. During some of these calls with HRRG, the HRRG representative stated, in response to being told that Ms. Poe had a workers' compensation case regarding the Debt, that it was not HRRG's problem.

22. During some of these calls with HRRG, the HRRG representative stated, in response to being told that Ms. Poe had a workers' compensation case regarding the Debt, that Ms. Poe remained responsible for the Debt and had to pay it.

23. During some of the calls with HRRG when Ms. Poe informed HRRG that she had a workers' compensation case regarding the Debt, the HRRG representative stated that Ms. Poe needed to notify the workers' compensation carrier herself.

24. During some of these calls with HRRG, Ms. Poe informed HRRG that she was represented by an attorney with respect to the Debt.

25. During some of the calls with HRRG when Ms. Poe informed HRRG that she was represented by an attorney, Ms. Poe offered her attorney's contact information.

26. During the calls with HRRG when Ms. Poe offered her attorney's contact information, the HRRG representative stated that there was nothing HRRG could do with her attorney's contact information.

27. During some of the calls with HRRG when Ms. Poe informed HRRG that she was represented by an attorney, the HRRG representative stated that HRRG does not call lawyers.

28. During some of the calls with HRRG when Ms. Poe informed HRRG that she was represented by an attorney, the HRRG representative stated that it was not HRRG's responsibility to contact Ms. Poe's lawyer.

29. On or about May 4, 2008, HRRG telephoned Ms. Poe in an attempt to collect the Debt. The HRRG representative stated that Ms. Poe had to pay the Debt.

30. Ms. Poe again notified HRRG that she had a workers' compensation case regarding the Debt.

31. The HRRG representative stated that HRRG knew she had a workers' compensation case regarding the Debt, but that Ms. Poe was required to contact the workers' compensation carrier and ask them to contact HRRG.

32. Ms. Poe again notified HRRG that she had an attorney with respect to the Debt.

33. The HRRG representative stated that it was Ms. Poe's responsibility to take care of the Debt.

34. The HRRG representative stated that HRRG would not contact her attorney.

35. The HRRG representative stated that HRRG could not call her attorney.

36. The HRRG representative stated that the Debt would hurt Ms. Poe's credit.

37. Ms. Poe gave the HRRG representative the name of her attorney's law firm.

38. Ms. Poe attempted to give the HRRG representative her attorney's telephone number, but the HRRG representative refused to take it.

39. HRRG has the capability to contact attorneys by telephone.

40. The Debt was incurred for personal, family, or household purposes, *i.e.*, for medical services and/or treatment.

41. The Illinois Workers' Compensation Act prohibits a creditor from attempting to collect a debt if the provider has been informed that an application has been filed with the Illinois Workers' Compensation Commission to resolve a dispute over the payment of such debt. See 820 ILCS 305/8.2(e-5), (e-10).

42. Only after a final award or judgment by an Arbitrator or the Illinois Workers' Compensation Commission or a settlement is agreed to may the creditor resume attempts to collect the debt. See 820 ILCS 305/8.2(e-20).

43. During its communications with Ms. Poe, HRRG acted as agent of Silver Cross Hospital Emergency Room Doctor and Fischer Mangold Joliet Emergency Physicians.

V.   **COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT**

44.   Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

45.   Defendant's violations of the FDCPA include, but are not limited to:

   A.   creating a false sense of urgency in violation of 15 U.S.C. §§ 1692e and e(10);

   B.   falsely representing the character, amount, or legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A);

   C.   communicating with the consumer in connection with the collection of the Debt after being informed that she was represented by an attorney and being able to readily ascertain such attorney's name and address in violation of 15 U.S.C. § 1692c(a)(2);

   D.   using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10); and

   E.   threatening to communicate to any person credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8).

46.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's actions violate the FDCPA, as well as an award of actual damages, statutory damages, costs and reasonable attorney fees.

VI.   **COUNT TWO – ILLINOIS WORKERS' COMPENSATION ACT**

47.   Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

48.   Defendant's violations of the IWCA include, but are not limited to, failing to cease any and all efforts to collect payment for the services that are the subject of the dispute

after being informed that there is an application filed with the Illinois Workers' Compensation Commission to resolve a dispute over payment of such charges in violation of 820 ILCS 305/8.2(e-5) and (e-10).

    49.    As a result of Defendant's violations of the IWCA, Plaintiff is entitled to

        A.    a declaratory judgment that Defendant's actions violate the IWCA;

        B.    a permanent injunction that enjoins Defendant from "any and all efforts to collect payments for the services that are the subject of the dispute," where such efforts are not in compliance with the IWCA (820 ILCS 305/8.2(e-5), (e-10), and (e-15)) until "a final award or judgment by an Arbitrator or the Illinois Workers' Compensation Commission, or a settlement agreed to by the employer and the employee." See 820 ILCS 305/8.2(e-20); and

        C.    a permanent injunction that enjoins Defendant from reporting the Debt to any credit reporting agency (820 ILCS 305/8.2(e-15), until "a final award or judgment by an Arbitrator or the Illinois Workers' Compensation Commission, or a settlement agreed to by the employer and the employee." See 820 ILCS 305/8.2(e-20).

VII. **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Lorri Poe requests that judgment be entered in her favor against Defendant Healthcare Revenue Recovery Group, LLC for:

A. A declaratory judgment that Defendant's actions violate the FDCPA and IWCA;

B. A permanent injunction enjoining Defendant from any and all collection efforts until resolution of Ms. Poe's workers' compensation matter;

C. A permanent injunction enjoining Defendant from reporting the Debt to any credit reporting agency until resolution of Ms. Poe's workers' compensation matter;

D. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

F. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

and

G. For such other relief as the Court may find to be just and proper.

VII. **JURY DEMAND**

Plaintiff Lorri Poe hereby demands that this case be tried before a Jury.

 s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (Facsimile)

ATTORNEYS FOR PLAINTIFF LORRI POE